[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10557
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60172-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ARMANDO CASAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 3, 2015)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jose Armando Casas appeals his 188-month sentence, which was imposed

after he pleaded guilty to one count of possessing with intent to distribute 500

grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). On appeal, Casas argues that the district court erred in denying him a minor-role reduction in light of recent amendments to the United States Sentencing Guidelines and because he was paid only a small sum to transport the drugs. He also argues that his sentence is substantively unreasonable. After careful review, we affirm.

## I.

A district court's determination of a defendant's role in an offense is a finding of fact that this Court reviews for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The district court has "considerable discretion in making this fact-intensive determination." United States v. Boyd, 291 F.3d 1274, 1277–78 (11th Cir. 2002). The defendant bears the burden of establishing his entitlement to a minor-role reduction by a preponderance of the evidence. United States v. Alvarez-Coria, 447 F.3d 1340, 1343 (11th Cir. 2006) (per curiam).

A defendant is entitled to a two-level reduction if he "was a minor participant in any criminal activity." United States Sentencing Guidelines § 3B1.2(b). Minor participants are those who are "less culpable than most other participants, but whose role could not be described as minimal." Id. § 3B1.2,

2

comment. (n.5).  Whether to apply a minor-role adjustment "is heavily dependent upon the facts of the particular case."  Id. § 3B1.2, comment. (n.3(C)).

In determining whether a minor-role adjustment applies, the district court should consider: (1) the defendant's role in the relevant conduct; and (2) his role as compared to those of other participants.  De Varon, 175 F.3d at 940.  The fact that a defendant's role is less than those of other participants may not be dispositive because it is possible that none of them are minor participants.  Id. at 944.  When considering the role of a drug courier, "the amount of drugs imported is a material consideration in assessing a defendant's role."  Id. at 943.  "[A] drug courier is not necessarily a minor or minimal participant."  United States v. Smith, 918 F.2d 1551, 1566 (11th Cir. 1990).

In recent amendments to the Guidelines, the Sentencing Commission clarified the factors to consider for a minor-role adjustment, particularly for low-level offenders.  The Commission added the following language to the Application Notes for § 3B1.2:

> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> > (i)    the degree to which the defendant understood the scope and structure of the criminal activity;
> > (ii)   the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)   the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v)   the degree to which the defendant stood to benefit from the criminal activity.

USSG App. C, Amend. 794.  Although this Court applies the version of the Guidelines in effect on the date of sentencing when reviewing the district court's application of the Guidelines, we consider clarifying amendments retroactively on appeal regardless of the date of sentencing.  United States v. Jerchower, 631 F.3d 1181, 1184 (11th Cir. 2011).

Here, the district court did not clearly err in denying Casas a minor-role adjustment.  Casas was not a mere courier delivering drugs to someone else for distribution.  He hid a large quantity of methamphetamine—three kilograms—in the engine compartment of a vehicle and drove it from Texas to Fort Lauderdale, Florida.  He intended to exchange the methamphetamine for cocaine there, and then planned to deliver the cocaine to another location.  Casas argues that he is eligible for a minor-role adjustment because he had little decision-making authority and did not stand to gain much from the transaction.  Even though Casas did not set prices or the quantity of drugs to be delivered, he was entrusted, without supervision, with a large quantity of narcotics for an extended period.  Given

4

Casas's knowledge of the scope and structure of the scheme and his level of responsibility in carrying it out, the district court's denial of a minor-role reduction was not clear error.

## II.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Asante, 782 F.3d 639, 648 (11th Cir. 2015). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not automatically presume that a within-Guidelines sentence is reasonable, we ordinarily expect such a sentence to be reasonable. Asante, 782 at 648. "A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." United States v. Dougherty, 754 F.3d 1353, 1362 (11th Cir. 2014).

Here, the district court did not abuse its discretion by imposing a 188-month sentence and denying Casas's request for a downward variance. First, his sentence falls at the very bottom of the applicable Guideline range. It thus carries an expectation of reasonableness. See Asante, 782 F.3d at 648. Second, it falls well below the maximum possible sentence of life. See Dougherty, 754 F.3d at 1362. Casas notes that this is his first drug offense, he cooperated with police, he has maintained steady employment, and he has no history of drug or alcohol abuse.

However, Casas was previously convicted for smuggling illegal aliens into the United States and has been deported twice, only to return unlawfully.  His crimes have since become more serious; here, Casas played a significant role in a criminal scheme involving a large quantity of drugs.  Casas has not met his burden of showing that his within-Guidelines sentence is substantively unreasonable.  We affirm.

    **AFFIRMED.**