JAMES E. GRAVES, JR., Circuit Judge,
dissenting:
Because I would conclude that Amendment 794 is clarifying and that the district court clearly erred in denying the mitigating role adjustment, I respectfully dissent.
U.S.S.G. § 3B1.2 provides that:
Based on the defendant’s role in the offense, decrease the offense level as follows:
(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
In cases falling between (a) and (b), decrease by 3 levels.
U.S.S.G. § 3B1.2.
The commentary to 3B1.2 provides that there are a range of adjustments available for a defendant who plays a part in an offense making him “substantially less culpable than the average participant.” An example is “a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under 1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline.” U.S.S.G. § 3B1.2, cmt. n.3(A) (emphasis added). A “minimal participant” is a defendant who is “plainly among the least culpable of those involved in the conduct of a group” and a “defendant’s lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant.” U.S.S.G. § 3B1.2, cmt. n.3(A), 4. Whereas a “minor participant” is a defendant “who is less culpable than most other participants, but whose role could not be described as minimal.” U.S.S.G. § 3B1.2, cmt. n.5.
The commentary to 3B1.2 was amended after Cástro was sentenced. Amendment 794, which went into effect on November 1, 2015 states that it:
[Pjrovides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies. Specifically, it addresses a circuit conflict and other case law that may be discouraging courts from applying the adjustment in otherwise appropriate circumstances. It also provides a non-exhaustive list of factors for the court to consider in determining whether an adjustment applies and, if so, the amount of the adjustment.
U.S.S.G. Manual, supp. to app. C, amend. 794 at 116, 80 Fed. Reg. 25,782-01, 25,792-93, 2015 WL 1968941 (May 5, 2015). The amendment added to Note 3(C) the following:
In determining whether to apply subsection (a) or (b), or an intermediate *615 adjustment, the court should consider the following non-exhaustive list of factors:
(i) the degree to which the defendant understood the scope and' structure of the criminal activity;
(ii) the degree to which the defendant participated in planning or organizing the criminal activity;
(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
(iv) the nature and extent of the defendant’s participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
(v) the degree to which the defendant stood to benefit from the criminal activity.
For example, a. defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an. adjustment under this guideline.
The fact .that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.
U.S.S.G. § 3B1.2, cmt. n.3(C).
While the issue of whether Amendment 794 is clarifying or substantive has been previously presented, this court has declined to address it, as does the majority here. See United States v. Gomez-Valle, 828 F.3d 324, 330-31 (5th Cir. 2016) (“We conclude that it is unnecessary to resolve whether Amendment 794 was a substantive change or instead only clarifying because even if it were applied retroactively, it would not affect Gomez-Valle’s sentence.”; “[Assuming, without deciding, that Amendment 794 is ‘clarifying’ and should be considered ori appeal, it does not affect the outcome in this ease.”). See also United States v. Cumby, No. 15-10665, slip op. at 6 (5th Cir. July 7,2016) (unpublished and sealed). However, the Ninth and Eleventh circuits have already held that this amendment is clarifying and, thus, applies retroactively; See United States v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016); United States v. Casas, 632 Fed.Appx. 1003, 1005 (11th Cir. 2015).
Regardless of whether the Commission explicitly stated that the amendment is clarifying, the language of the amendment is clearly' intended to be clarifying and “merely confirms the result [a court] would reach apart from it.” United States v. Huff, 370 F.3d 454, 466 & n.19 (5th Cir. 2004). Further, the only altered language is in the commentary — not in the guideline itself. Id. With regard to the amendment not being listed as applying retroactively, this court has allowed amendments that conflict with its prior interpretation to apply retroactively. United States v. Palacios, 756 F.3d 325, 326 (5th Cir. 2014); United States v. Fitzhugh, 954 F.2d 253, 255 (5th Cir. 1992). Thus, I would conclude that the amendment is clarifying.
The majority concludes that, even if the amendment is clarifying, the district court’s decision that Castro was not entitled to a mitigating role reduction was not clearly erroneous. I disagree. Probation incorrectly focused on whether Castro played an integral role, which is not the determining factor. (“In fact, a courier plays an integral role in moving narcotics north from Mexico, further into the United States.”) The district court also adopted the supplemented PSR. The majority es *616 sentially concludes that the district court denied the reduction because it was not persuaded that Castro was not integral. In other words, .the district court appears to have “solely” based its decision on Castro’s integral role. That is error.
Additionally, the record indicates that Castro was indeed “substantially less culpable.” The fact that Castro and Uribe received the same sentence is of no significance. Uribe’s case or whether she is entitled to the adjustment is not before this court. We are only concerned with the actual conduct of the various parties in the conspiracy. Even as between Castro and Uribe, Castro is less culpable. Castro was driving Uribe’s vehicle — they were merely splitting the driving time. Other individuals loaded and unloaded the drugs. The $697 was located in Uribe’s purse. Uribe admitted that she had transported narcotics multiple times, but was not always accompanied by Castro. Neither Castro nor Uribe appears to have understood the scope of the activity, i.e., they both thought they were transporting cocaine.' There is no indication that Castro participated in planning or organizing the distribution, that she had any decision-making authority, or that she had any proprietary interest — she was merely being paid á flat fee to perform a task. The commentary explicitly provides that those are all factors to be considered in determining whether a mitigating role adjustment should apply.
Castro is clearly less culpable than the suppliers or the importers or the people who accepted delivery of the drugs or arranged all of the details or paid them, or the individual who picked her and Uribe up, secured a hotel room for them, purchased a new car registered to Uribe and arranged for new tags when the car broke down. Those individuals would be the average participants and these, facts indicate that Castro was substantially less culpable than the average participants.[1] Further, Castro, who was a flat fee driver, did not have a “proprietary interest,” was “simply being paid to perform certain tasks” and was “peripheral to the advancement of the illicit activity.” See United States v. Thomas, 932 F.2d 1085, 1092 (5th Cir. 1991); see also U.S.S.G. § 3B1.2, cmt. n.3(A),(C). Clearly, Castro should be considered for an adjustment even if her role as a driver was essential or indispensable to the criminal activity.
Accordingly, I would conclude that the district court erred in denying the adjustment. Moreover, the district court also had the option of granting Castro a minimal participant adjustment or an adjustment as a participant whose culpability fell between that of a minor and a minimal participant; With'a minor-role adjustment and based on U.S.S.G.' § 2dl.l(a)(5), Castro’s guideline range would have fallen from 87-108 months to 51-63 months. With a minimal participant adjustment, the range would fall to 41-51 months. Thus, the error was not harmless.
For these reasons, I would reverse and remand for resentencing. Therefore, I respectfully dissent.

. The majority states that Castro did not show that she was less culpable than the “average participant, even assuming arguendo that the 'average participant’ was other drivers....” However, it is unclear as to what other drivers the majority is referring other than Uribe. Also, the record does not support the majority’s assertion that Castro helped acquired license plates for the DTO’s vehicle. The vehicle was registered to Uribe and the plates were picked up from an individual in Fort Worth. Additionally, Castro did not know the amounts of -currency transported oh return trips. i